# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

*In Re*:  Chapter 13
Case No. 18-14171-TBM

SHARON KAY SMITH, **Debtor,**

DITECH FINANCIAL LLC, Successors, Assigns, Servicers, Investors and Trustees, **Movant,**

---

**ORDER GRANTING MOTION TO APPROVE STIPULATION FOR RELIEF FROM STAY IF UNCURED DEFAULT OCCURS**

---

THIS MATTER came before the Court upon the Motion for Approval of Stipulation of Ditech Financial, LLC and the Debtor as well as the Stipulation for Relief from Stay (Docket Nos. 54 and 55) filed by Ditech Financial, LLC. The court has reviewed the Motion for Approval of Stipulation and Stipulation and hereby

ORDERS that the Motion to Approve is GRANTED and the terms of the Stipulation are approved.

Dated: December 19, 2018

BY THE COURT:

_____
U.S. Bankruptcy Judge
Thomas B. McNamara

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO (DENVER)

*In Re:*

Chapter 13
Case No. 18-14171-TBM

SHARON KAY SMITH, Debtor,

DITECH FINANCIAL LLC, Successors, Assigns, Servicers, Trustees and Investors, Movant.

## STIPULATION FOR RELIEF FROM STAY IF UNCURED DEFAULT OCCURS

SHARON KAY SMITH ("Debtor"), by and through counsel, non-filing party and co-debtor RICHARD SMITH ("Co-Debtor") and DITECH FINANCIAL LLC ("Movant"), by and through counsel, (all collectively the "Parties"), hereby Stipulate as follows:

1. Debtor and Co-Debtor are the owners of a personal residence known as 9771 EAST HAWAII PLACE, AURORA, COLORADO 80247 (the "Property"), which is encumbered by a Promissory Note in the original principal amount of $265,109.00 and secured by a Deed of Trust for the benefit of Movant. The legal description for the Property is:

LOT 28, BLOCK 1, PAULA DORA SUBDIVISION FILING NO. 6, COUNTY OF ARAPAHOE, STATE OF COLORADO.

2. Debtor has filed a petition in bankruptcy requesting relief pursuant to Chapter 13, Title 11, U.S. Bankruptcy Code.

3. Debtor and Movant agree that Debtor is in default and in arrears with post-petition mortgage payments as follows:

| | |
|---|---|
| 5 Missed Payments from 07/01/18 through 12/01/18 @ $1,659.65 each: | $9,957.90 |
| Attorney fees and costs: | $1,031.00 |
| LESS funds in Debtor's suspense account | ($ 0.35) |
| Total: | $10,988.55 |

4. Debtor and Movant agree that Debtor shall cure the existing post-petition arrearages and default as set forth below:

    a. In January, 2019, Debtor shall timely make the contractual mortgage payment for the month of January, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

    b. In February, 2019, Debtor shall timely make the contractual mortgage payment for the month of February, 2019 and, on or before the 15th day of

the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

c. In March, 2019, Debtor shall timely make the contractual mortgage payment for the month of March, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

d. In April, 2019, Debtor shall timely make the contractual mortgage payment for the month of April, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

e. In May, 2019, Debtor shall timely make the contractual mortgage payment for the month of May, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

f. In June, 2019, Debtor shall timely make the contractual mortgage payment for the month of June, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

f. In July, 2019, Debtor shall timely make the contractual mortgage payment for the month of July, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

f. In August, 2019, Debtor shall timely make the contractual mortgage payment for the month of August, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

f. In September, 2019, Debtor shall timely make the contractual mortgage payment for the month of September, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

f. In October 2019, 2019, Debtor shall timely make the contractual mortgage payment for the month of October, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

f. In November, 2019, Debtor shall timely make the contractual mortgage payment for the month of November, 2019 and, on or before the 15th day of the month, make an additional payment of $915.71 to be applied to the post-petition arrearages.

  f. In December, 2019, Debtor shall timely make the contractual mortgage payment for the month of December, 2019 and, on or before the 15th day of the month, make an additional payment of $915.74 to be applied to the post-petition arrearages.

5. Debtor agrees to make all further post-petition payments pursuant to the contractual terms of the Promissory Note and Deed of Trust. Payment is due on the payment date specified in the Promissory Note and Deed of Trust. **There is no grace period.**

6. Debtor agrees to timely pay all other applicable assessments and/or encumbrances on the real property. Any notice of nonpayment of these expenses shall be considered a default under the terms of this Stipulation.

7. Debtor agrees to timely pay all sums due for property taxes, insurance and like expenses applicable to the Property that are contractually required by the Promissory Note and Deed of Trust. Any notice of nonpayment of these expenses shall be considered a default under the terms of this Stipulation.

8. The Parties hereby agree that Movant is entitled to immediate relief from the automatic stay as to Debtor and immediate relief from the automatic stay as to Co-Debtor if an uncured default occurs. Debtor acknowledges that by entering into this Stipulation, Debtor understands, agrees to, and has been advised to Debtor's satisfaction of the legal ramifications of entering into this Stipulation. Debtor further acknowledges that the terms of this Stipulation are performance-specific and there is no grace period. In consideration for entering into this Stipulation, Movant agrees to forebear the institution of foreclosure proceedings so long as Debtor complies with the terms set forth herein. In the event Debtor defaults under the terms of this Stipulation, Movant agrees to provide a ONE-TIME written notice of default to Debtor and Debtor's counsel. If a Notice of Default is sent by Movant, the default must be cured by Debtor and accepted by Movant within ten (10) days of the date of the Notice or the forbearance agreement contained herein is terminated. Movant shall only provide ONE notice of default to Debtor. Should the default not be cured within ten (10) days of the date of such notice, then Movant will file its Verified Motion to Enforce the Terms of the Stipulation, indicating that Debtor has failed to comply with the terms of this Stipulation and Order and requesting that Movant be granted relief from the automatic stay pursuant to this Stipulation. Movant will mail a copy of the Verified Motion to Debtor and Debtor's counsel, although Debtor agrees that the Verified Motion to Enforce Terms of the Stipulation and for Relief from Stay shall be granted ex parte without a hearing.

  a. Notice of any matters to which notice is required under this Stipulation shall be given to each party at the address listed below. Notice for the purpose of default shall be made by placing the Notice of Default in the U.S. mail, postage prepaid.

b. Any change of address shall be designated pursuant to the notice provisions and shall be deemed given when mailed to the parties at the addresses designated pursuant to the notice provision.

c. If Debtor and counsel for Debtor are given notice pursuant to this provision, notice shall be mailed to the addresses set forth at the end of this Stipulation.

d. If Movant and counsel for Movant are given notice pursuant to this provision, notice shall be mailed via certified mail - return receipt to the addresses set forth at the end of this Stipulation.

9. Debtor requests and authorizes Movant to resume mailing its monthly statements to Debtor.

10. The Parties stipulate that conversion of this proceeding to a Chapter 7 shall be considered a default under the terms of this stipulation. Immediately following the effective conversion of this proceeding to Chapter 7, Movant will file a Verified Motion to Enforce the Terms of the Stipulation, indicating that Movant is entitled to relief upon conversion. Movant will mail a copy of the Verified Motion to Debtor and Debtor's Counsel, although Debtor agrees that the Verified Motion to Enforce Terms of the Stipulation and for Relief from Stay shall be granted *ex parte* without a hearing.

11. The Parties agree that, upon termination of the automatic stay pursuant hereto and notice thereof, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim.

12. The Parties agree that the requirements of Fed.R.B.P. 4001(a)(3) do not apply and are waived.

13. The Parties agree that this Stipulation may be signed in counterparts and a facsimile signature may be relied upon as if it were an original signature.

14. The Parties request that the Court make this Stipulation an Order of Court.

Dated: 12/14/18

/s/ Mark J. Berumen 37914

Mark J. Berumen
1873 S. Bellaire St.
Ste. 1010
Denver, CO 80222
Telephone: 303-751-2128
Attorney for Debtors

Dated: 12/18/2018

/s/ Joseph DeGiorgio

Joseph DeGiorgio, Atty. Reg. No. 45557
Telephone: (303) 350-3711
Telecopier: (303) 813-1107
Email Address: co.ecf@bdfgroup.com

DEBTORS:
Sharon Kay Smith
9771 E Hawaii Pl
Aurora, CO 80247-6258

CO-DEBTOR:
Richard Smith
9771 East Hawaii Place
Aurora, CO 80247

*Approved as to form*

*[signature]*

Douglas B. Kiel, Chapter 13 Trustee
4725 S. Monaco St.
Suite 120
Denver, CO 80237
Telephone: (720) 398-4444
Fax: (303) 830-1973